NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4059

UNITED STATES OF AMERICA

v.

WILLIAM HARRIS,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 08-cr-058)
District Judge:  Hon. Sue L. Robinson

Submitted Under Third Circuit L.A.R. 34.1(a),
October 6, 2010

Before:  FUENTES, JORDAN, and ALDISERT, *Circuit Judges*.

(Opinion Filed:  October 28, 2010)

OPINION OF THE COURT

FUENTES, *Circuit Judge*.

Appellant, William Harris, was charged with one count of possession of a firearm

by a convicted felon, in violation of 18 U.S.C. § 922(g).  At trial, to prove that the gun

affected interstate commerce, the Government presented testimony that the weapon had been manufactured in New York in approximately 1971 and retrieved in Delaware in 2008 and thus had crossed state lines. Under *Scarborough v. United States*, 431 U.S. 563, 577 (1977), this was sufficient evidence to establish a nexus with interstate commerce.

Following the guilty verdict, Harris filed a motion for judgment of acquittal, contending that *Scarborough* was no longer good law in the wake of *United States v. Lopez*, 514 U.S. 549 (1995). Concluding that *Scarborough* remains the law of this circuit, the District Court denied the motion. Harris appeals, principally to preserve the issue for review in the Supreme Court. We will affirm.[1]

## I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of the case.

Harris was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Before trial, the Government filed notice of intent to seek an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because of Harris's three prior convictions for violent felonies. At trial, Wilmington Police Corporal Thomas Esterling testified that he and his partner were

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's construction of statutes and case law. *United States v. Singletary*, 268 F.3d 196, 199 (3d Cir. 2001).

following up on complaints received about open drug sales, alcohol consumption, and loitering at a particular vacant lot.  When they drove up to the lot, they saw three men, one of whom was Harris, in the lot.  As they got out of their patrol car, they observed Harris turn, walk to the back of the lot, and place an object under a concrete block.  When they looked under the block, they found a handgun.  They placed Harris under arrest.  At the police station, Harris was interviewed by Detective Steven Parrott, who testified at trial that during the interview, Harris stated that he carried the gun for protection.

On the question of interstate commerce, the Government presented expert testimony by Agent Diane Iardella of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  She testified that the handgun had been manufactured in New York in approximately 1971.  As the gun was retrieved in Delaware in 2008, she concluded that the gun had crossed state lines and that Harris's possession of the gun "affect[ed] interstate commerce."  (J.A. at 153.)

The jury returned a verdict of guilty.  Harris filed a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), arguing that the evidence was insufficient to prove the interstate commerce element of the offense.  Specifically, Harris contended that *Scarborough*, in which the Supreme Court set out the quantum of proof required to meet the interstate commerce element, had been superseded by *Lopez*.  The District Court denied Harris's motion, holding that *Scarborough* remains binding precedent in this Circuit and that the evidence was sufficient under *Scarborough*.

Thereafter, the District Court sentenced Harris to fifteen years' imprisonment and three years of supervised release. On appeal, Harris challenges only the District Court's denial of his Rule 29(c) motion for acquittal.

## II.

Harris concedes that "[u]nder controlling Third Circuit precedent, this Court must apply *Scarborough* and affirm the judgment. [He] seeks to preserve the issue presented for review in the Supreme Court." (Harris Br. 9.) In *United States v. Singletary*, 268 F.3d 196, 200 (2001), we examined the precise question at issue in this appeal—"whether the proposition established in *Scarborough* survives as a viable statutory construct in the wake of *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000)." The *Scarborough* Court held that, to establish a nexus with interstate commerce, the Government "need prove only that the firearm possessed by the convicted felon traveled at some time in interstate commerce." 431 U.S. at 568. In *Singletary*, reasoning that it was the Supreme Court's "prerogative [to] overrul[e] its own decisions," we concluded that the *Scarborough* test remained good law following the "Supreme Court's trinity of Commerce Clause decisions." 268 F.3d at 205 (internal quotation marks & citation omitted). Specifically, we concluded that "jurisdictional element in § 922(g)(1) distinguishes it from the statutes considered in *Lopez* and *Morrison*. Section 922(g)(1), by its very terms, only regulates those weapons affecting interstate commerce by being the subject of interstate trade." *Id.*

-4-

at 204.  As for *Jones*, "[t]he rationale used . . . to hold that the federal arson statute only encompassed property currently used in commerce or in an activity affecting commerce has little impact on the assessment of whether firearms moved through interstate commerce are subject to congressional regulation."  *Id.* (internal quotation marks omitted).  Thus, we concluded that § 922(g) remained constitutional following *Lopez*, *Jones*, and *Morrison*.  We further noted that eight other circuits had reached the same conclusion.  *Id.* at 205 (collecting cases).

As Harris acknowledges, we are bound to follow *Singletary*, which forecloses Harris's argument.  Accordingly, we will affirm the District Court's judgment.

**III.**

For the foregoing reasons, we affirm the District Court's denial of Harris's Rule 29(c) motion for judgment of acquittal and Harris's conviction.